### WHITE vs. PETERS et al.

Justices of the supreme court (and judges of the court of appeals,) are not required or permitted to demand or receive any fees or perquisites, for any thing done by virtue of their office.

*September Special Term, 1847. Dutchess county.*—On the taxation of costs in this cause, the question was raised whether a justice of the supreme court was required to receive fees for taxing costs, &c., and pay them over to the treasurer.

J. EMOTT, JR.

P. DEAN.

BARCULO, Justice.—It is supposed by many members of the profession, that the 7th section of the "Act to provide for the payment of certain expenses of government," &c., passed May 12th, 1847, (Laws of 1847, 309,) is applicable to justices of this court, and renders it obligatory upon them to keep an account of, and receive fees for services performed by them at chambers, and pay them over to the treasurer of the state. That part of the section applicable to this subject, is as follows:

"*Every officer named in this act,* who shall perform services for which fees are chargeable, shall keep a book in which shall be entered all fees and perquisites charged or received by him, for official services by him rendered, the time of rendering the same, the names of persons, if known to him, for whom the same were rendered, and a brief statement of the nature of the service for which any such fee or perquisite is charged or received."

It is undoubtedly true, that justices of the supreme court are among the officers *named in the act,* for their salaries are provided for in the 3d section, and that taxing costs is a service for which fees are chargeable when done by any other officer, still it by no means follows, that a justice of this court can exact the payment of fees for such services. For the old statute is unrepealed, (2 R. S., 208, § 16, 2d ed.,) which declares that "the chancellor and justices of the supreme court shall not demand or receive any fees or perquisites for any thing done by either of them in virtue of their office." It would seem therefore, that the true construction of the above sections of the act of 1847, must limit its application to those officers who, by the former law, were entitled to demand and receive fees, or who by the act of 1847, are expressly authorised to charge and receive fees. As no authority is expressly given by the last named act to justices of this court to receive fees, and as they were expressly prohibited by the former act, they are not *now required or permitted to demand or receive any fees for perquisites, for any thing done by virtue of their office.*

It may be observed in confirmation of this construction of the act of 1847, that although ample provisions are therein made for the payment into the treasury of the state, of all fees payable for services rendered by the clerk of the court of appeals, and for the payment into the several county treasuries of all fees payable to the county officers therein named; yet no provision of a like nature is found applicable to justices of the supreme court, or judges of the court of appeals. I cannot therefore doubt

that in relation to these offices, the legislature, as well as the framers of the new constitution, intended that the fee system should be abolished. Indeed it may well be questioned whether a wise and liberal policy might not judiciously extend the prohibition to all judical officers.